# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLAN MICAH DANIELS,

 Petitioner,

vs.

E. K. MCDANIEL, et al.,

 Respondents.

Case No. 3:10-CV-00315-LRH-(VPC)

**ORDER**

 Petitioner has submitted an application to proceed in forma pauperis (#1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for the appointment of counsel. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action because petitioner has not exhausted his available remedies in the state courts.

 Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

 "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal

1  claims. In short, the petitioner must have either referenced specific provisions of the federal
2  constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th
3  Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law
4  that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153,
5  1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is
6  insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles,
7  such as due process, equal protection, and the right to a fair trial, are insufficient to establish
8  exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

9        Pursuant to a guilty plea, the Eighth Judicial District Court of the State of Nevada convicted
10 petitioner of attempted possession of stolen property. That court sentenced petitioner on January
11 27, 2009. According to that court's on-line records, it entered judgment of conviction on February
12 18, 2009.[1] Petitioner did not appeal the judgment of conviction.[2] Petitioner then filed a post-
13 conviction petition in the Eighth Judicial District Court on January 19, 2010. According to that
14 court's on-line records, the court denied the petition on April 27, 2010, entered an order to that
15 effect on June 4, 2010, and sent petitioner notice of the entry of the decision and order on June 7,
16 2010. Petitioner has not appealed that decision. Petitioner mailed his federal petition to this court
17 on May 23, 2010, before the state district court entered its written order and notice.

18       It is apparent both from the petition and the on-line records that petitioner has never
19 presented any of his grounds for relief to the Nevada Supreme Court, either on direct appeal from
20 the judgment of conviction or on appeal from the denial of his state habeas corpus petition.
21 Petitioner needs to present his grounds for relief to the Nevada Supreme Court before this court can

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7561568 (report generated July 26, 2010).

[2] The voluntariness of the guilty plea and the lack of direct appeal are two issues that petitioner raises in the petition.

-2-

1 consider them.[3]  Consequently, this court will dismiss this action unless petitioner can show cause
2 why it should not be dismissed.

3       The court will defer ruling upon the motion for appointment of counsel until the court
4 determines whether this action may proceed.

5       IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is
6 **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

7       IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of
8 habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel.

9       IT IS FURTHER ORDERED that petitioner shall have thirty days from the date of entry of
10 this order to show cause why the court should not dismiss this action for the failure to exhaust
11 available state-court remedies.  Failure to comply with this order will result in the dismissal of this
12 action.

13       DATED this 30th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] This court makes no guarantees that an appeal from the denial of the state habeas corpus petition would be timely.